JOANNE MORRIS TATE v. CLARENCE GARREN TATE, JR.

No. 7026DC466

(Filed 18 November 1970)

**Divorce and Alimony § 22— modification of support order — jurisdiction and venue**

> An action seeking the modification of a child support order must be maintained in the court which entered the order. G.S. 50-13.5; G.S. 50-13.7.

APPEAL by plaintiff from *Gatling, District Judge,* 6 April 1970 Session of MECKLENBURG District Court.

Plaintiff filed a complaint in the District Court Division of the General Court of Justice of Mecklenburg County alleging, among other things,

> "3.    That the plaintiff and the defendant were married to each other on or about August 2, 1957, and were subsequently divorced on or about July 26, 1965.
>
> 4.    That there were two children born to the marriage; namely: Elizabeth Lynne, age 11, and Cara Jean, age 9.
>
> 5.    That the defendant is presently providing the plaintiff with the sum of $225.00 per month for the support and maintenance of the aforesaid minor children.
>
> 6.    That the aforesaid sum of $225.00 per month was established pursuant to a court order dated July 30, 1965, entered in Forsyth County Superior Court, and which also awarded custody of the two children to the plaintiff."

The plaintiff also alleged a change of circumstances in that the needs of the plaintiff for the support of the minor children have increased due to the cost of living increase and the increased needs of the children as they get older; and that the defendant's financial condition has materially increased since the entry of the order awarding custody of the children. Plaintiff requested that she be awarded a reasonable sum for the use and benefit of the children, attorney's fees, and other relief as entitled.

Defendant moved to dismiss for failure to state a claim upon which relief can be granted and for improper venue. The court allowed defendant's motion, and plaintiff appealed to this Court.

*Hamel & Cannon by Thomas R. Cannon for plaintiff appellant.*

*Richard A. Cohan for defendant appellee.*

CAMPBELL, Judge.

The record does not reveal upon which of defendant's two grounds the trial judge dismissed the complaint. However, we will deal only with the question of venue as it is determinative. In fact it is not only venue but actually jurisdiction. Plaintiff relies heavily, in her brief, upon G.S. 50-13.5 (f) and Professor Lee's comments on that statute in 3 Lee, North Carolina Family Law, § 222, (Supp. 1968). However, a close reading of the statute and Professor Lee's comments indicate that the statute does not apply in a situation such as we have here. The statute provides:

> "(f)   Venue.—An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided. If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action. If an action or proceeding for the custody and support of a minor child has been instituted and an action for annulment or for divorce, either absolute or from bed and board, or for alimony without divorce is subsequently instituted in the same or another county, the court having jurisdiction of the prior action or proceeding may, in its discretion direct that the action or proceeding for custody and support of a minor child be consolidated with such subsequent action, and in the event consolidation is ordered, shall determine in which court such consolidated action or proceeding shall be heard."

This statute contemplates only the institution of an action for custody and support. It does not affect the situation that we have here where custody and support have already been determined and one of the parties seeks a modification of the order establishing custody and support. In such a case, the court

first obtaining jurisdiction retains jurisdiction to the exclusion of all other courts and is the only proper court to bring an action for the modification of an order establishing custody and support. In *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967), in referring to the nature of an award for custody and support, the court stated:

> "It is generally recognized that decrees entered by our courts in child custody and support matters are impermanent in character and are *res judicata* of the issue *only so long as the facts and circumstances remain the same as when the decree was rendered.* The decree is subject to alteration upon a change of circumstances affecting the welfare of the child. . . ."

G.S. 50-13.7 provides the manner in which an order for custody or support may be modified:

> *"Modification of order for child support or custody.—* (a) An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

Professor Lee, referring to G.S. 50-13.7(a), states the following:

> "Except as provided in N. C. Gen. Stat. § 50-13.5(f), the ordinary rule of civil procedure applies, namely, the first court to acquire jurisdiction of a cause retains jurisdiction to the exclusion of other courts. Thus, if a judgment involving the custody and the support of a minor child has been entered in this State (as in a habeas corpus proceeding, or in an action for divorce from bed and board, or in an action for alimony without divorce, or in a civil action), the judge trying a subsequent action for absolute divorce cannot interfere with the earlier judgment. Only the court of this State having entered the earlier judgment for custody and support of the minor child may modify or vacate it, upon a motion in the cause and a showing of a change of circumstances." 3 Lee, North Carolina Family Law, § 222, (Supp. 1968).

Under the principles set forth in the opinion above, only the Superior Court of Forsyth County is the proper court to entertain an action seeking to modify the earlier order awarding

custody and support, and for that reason, the judgment of the District Court of Mecklenburg County dismissing the action must be affirmed.

Affirmed.

Judges BRITT and VAUGHN concur.