ANN P. WILSON v. LAWRENCE C. WILSON

No. 715DC289

(Filed 26 May 1971)

**Divorce and Alimony § 22— child custody and support — prior divorce action — venue**

Custody and support of minor children had not been determined in a divorce action, and the mother could therefore maintain an independent action in another court to obtain increased child support, where the divorce judgment recited that all issues except the divorce,

including custody of the children, had been disposed of by separation agreement, but the divorce judgment was silent as to support of the children and did not refer to any such provision in the separation agreement.

APPEAL from *Burnett, Judge,* 7 December 1970 Session, District Court of NEW HANOVER County.

Plaintiff appellant instituted this action on November of 1970 in the District Court of New Hanover County to obtain increased support from the defendant appellee for the two children of the marriage between plaintiff and defendant. Defendant filed a "Special Appearance and Motion to Dismiss" on 17 November 1970, contending that the proper venue, under G.S. 50-13.1 through 50-13.8, was in the Wake County Superior Court where in an action brought by the present plaintiff against defendant, plaintiff had been granted an absolute divorce from defendant. Judge Burnett, after hearing arguments and studying the record from the Wake County Superior Court, granted the motion of defendant and dismissed plaintiff's cause of action.

*James L. Nelson for plaintiff appellant.*

*Defendant appellee did not file a brief.*

MORRIS, Judge.

Pertinent portions of the judgment entered by Judge Copeland in the action in Wake County Superior Court follow:

"And it further appearing to the court that the parties have disposed of all matters at issue by a separation agreement and the sole matter that remains to be determined in this action is the divorce of the parties;".

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony heretofore existing between the plaintiff and defendant be, and they are hereby dissolved, and the plaintiff is granted an absolute divorce from the defendant; that the plaintiff shall have the custody of the minor children in accordance with the amended separation agreement heretofore mentioned; that the costs of this action is taxed against the plaintiff."

Wilson v. Wilson

G.S. 50-13.5(f) provides:

"An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided. If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, *until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause of such action. . . ."* (Emphasis ours.)

This Court has said in *In re Holt,* 1 N.C. App. 108, 160 S.E. 2d 90 (1968), that "where custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. . . . Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case, because the issue of custody and support remains *in fieri* until the children have become emancipated." (Citations omitted.)

The record before us does not disclose the contents of the pleadings in the Wake County action. The judgment recites that complaint was filed and in due time answer was filed "raising certain issues." We do not know what those issues were. The judgment further recites that all issues except the divorce had been settled by the parties and disposed of by separation agreement including the custody of the children of the parties, the agreement providing that custody of the children be in the wife, plaintiff in that action, and plaintiff in this action. The judgment is completely silent as to support of the children and does not even refer to any such provision in the separation agreement. Nor was the consent portion of the judgment signed by either of the parties or counsel for either. The judgment refers to a separation agreement and an amended separation agreement, but contains nothing by which any separation agreement could be identified as to date or content. Certainly, the separation agreements referred to are not incorporated in the divorce judgment.

It appears clear to us that the custody and support of the children had not been brought to issue or determined in the

previous action between the parties, within the meaning of the statute.

Defendant's motion, therefore, should have been denied and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges BROCK and HEDRICK concur.