JOAN CROFT SNYDER v. THOMAS B. SNYDER

No. 7310DC513

(Filed 11 July 1973)

**Divorce and Alimony § 22— custody proceedings — prior acquired jurisdiction waived**

Where an absolute divorce action was instituted in Mecklenburg County District Court and that court entered an order awarding custody of one child to defendant and providing for defendant to make support payments for the other three children who were in the custody of plaintiff pursuant to an out of court agreement, the District Court in Mecklenburg County had undertaken jurisdiction and became the proper venue of the case; however, when plaintiff instituted a custody action in Wake County where all four children had subsequently come to reside with defendant and defendant made no objection to it, the Wake County District Court had jurisdiction and the prior acquired jurisdiction in Mecklenburg County was waived by the parties.

APPEAL by plaintiff from *Winborne, Judge,* 12 February 1973 Session of District Court held in WAKE County.

This is a civil action wherein plaintiff, Joan Croft Snyder, seeks custody of four minor children born of her marriage to defendant, Thomas B. Snyder. The following facts are uncontroverted:

Plaintiff and defendant were formerly husband and wife, having been married on 26 March 1958. Subsequently, on 13 January 1969, they were divorced in the District Court held in Mecklenburg County. By order in that action dated 28 January 1970, custody of the oldest child of the marriage, Thomas B. Snyder, Jr., was awarded to his father, the defendant herein, and defendant was ordered to pay the sum of $262.50 per month for the support of Mark J. Snyder, Daniel L. Snyder, and Elizabeth A. Snyder, then residing with their mother, the plaintiff, pursuant to the terms of a separation agreement entered by the parties on 5 September 1967.

Thereafter, the three minor children, Mark J. Snyder,. Daniel L. Snyder, and Elizabeth A. Snyder came to be under the direct control and supervision of their father in Wake County, North Carolina. Plaintiff then instituted this action on 15 July 1971 in the District Court held in Wake County to obtain their custody.

By an order dated therein on 26 April 1972, the custody of Mark J. Snyder and Daniel L. Snyder was awarded to the

defendant; and by order dated therein on 13 February 1973, the custody of Elizabeth A. Snyder also was awarded to the defendant.

Plaintiff appealed from the order dated 13 February 1973.

*Hamel & Cannon, P.A., by Thomas R. Cannon for plaintiff appellant.*

*George M. Anderson for defendant appellee.*

HEDRICK, Judge.

By her one assignment of error, plaintiff contends the District Court held in Wake County lacked jurisdiction to hear evidence and enter orders relating to the custody of Mark J. Snyder, Daniel L. Snyder, and Elizabeth A. Snyder, since the District Court held in Mecklenburg County, before the present proceeding was instituted, had entered an order relating to their custody and support.

We do not agree. The question is one of venue rather than jurisdiction. G.S. 50-13.5(f), captioned "Venue," in pertinent part provides:

"An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided. If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, *until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action.*" (Emphasis ours.)

In discussing the foregoing statute in *In re Holt,* 1 N.C. App. 108, 112, 160 S.E. 2d 90, 93 (1968), Judge Brock wrote:

"[W]here custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. * * * Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case, because the issue of custody and support

remains *in fieri* until the children have become emancipated." (Citations omitted.)

When the present action was commenced, plaintiff was a resident of the State of Maryland and the defendant and the three children were residents of Wake County. Therefore, unless an issue of custody and support of the three children had been raised and determined in the divorce action in Mecklenburg County, the District Court held in Wake County had authority to enter orders as to their custody. G.S. 50-13.5(f); *Wilson v. Wilson*, 11 N.C. App. 397, 181 S.E. 2d 190 (1971); *In re Holt, supra.*

In the complaint for absolute divorce the father alleged that the four children were in the custody of their mother and that he was contributing to their support under the terms of a deed of separation. The judgment of absolute divorce, entered 13 January 1969, does not appear as an exhibit in the record.

The record before use contains an order of the District Court held in Mecklenburg County awarding custody of the eldest child, Thomas B. Snyder, Jr., to his father. This order also provides for the father to make support payments for the other three children but makes no specific provision for their custody and merely recites that they are in the custody of their mother pursuant to an out of court agreement. Having made an order of support, the District Court held in Mecklenburg County had undertaken jurisdiction and thus became the proper venue of the case. *Tate v. Tate*, 9 N.C. App. 681, 177 S.E. 2d 455 (1970). Despite this, however, when the plaintiff instituted this action in Wake County and the defendant made no objection to it, the action was subject to determination in Wake County.

It is not a question of jurisdiction, which cannot be waived or conferred by consent, but it is a question of a prior pending action and this can be waived by failure to raise it. *Hawkins v. Hughes*, 87 N.C. 115 (1882). Under the statute, the District Court held in Wake County had jurisdiction and the prior acquired jurisdiction in Mecklenburg County was waived by the parties.

The order appealed from is

Affirmed.

Judges CAMPBELL and BALEY concur.