JOHN B. KENNEDY v. NANCY R. SURRATT

No. 7519DC888

(Filed 5 May 1976)

**Divorce and Alimony § 22— child custody issue raised in divorce proceeding — subsequent independent child custody action improper**

> The District Court of Randolph County was without jurisdiction to entertain an independent action for custody of the minor children of the parties, since the question of their custody was brought to issue in a prior divorce action in Guilford County, and the District Court of that County retained jurisdiction of the question, even though the question was not determined in the divorce decree. G.S. 50-13.5(f).

APPEAL by defendant from *Warren, Judge*. Order entered 22 May 1975 in District Court, RANDOLPH County. Heard in the Court of Appeals 19 February 1976.

On 11 March 1975 defendant in this action filed a complaint in District Court, Guilford County, seeking an absolute divorce from the plaintiff in this action. In her complaint (then Nancy Kennedy, who has since remarried) she alleged that she was a fit and proper person to have custody of the minor children and prayed that she be awarded their custody. John Kennedy (defendant in the Guilford County action) filed answer admitting all allegations of the complaint. On 26 March 1975 a decree of absolute divorce was entered in the Guilford County action. There was no mention or disposition of the prayer for custody of the minor children in the divorce decree.

On 15 April 1975 the present civil action was instituted in District Court, Randolph County, wherein plaintiff seeks custody of the minor children. Defendant (plaintiff in the Guilford County action) on 3 May 1975 moved to dismiss the Randolph County action upon the grounds that the District Court, Guilford County, had already acquired jurisdiction of the custody question. On 5 May 1975 a notice and a motion for custody order in the Guilford County case were served on defendant (plaintiff in the Randolph County case). From the denial of her motion to dismiss the Randolph County action, defendant appealed.

*Bell and Ogburn, by Deane F. Bell and William H. Heafner, for the plaintiff.*

*Clarence C. Boyan, for the defendant.*

BROCK, Chief Judge.

General Statute 50-13.5 (b) defines the types of actions in which custody and support of minor children may be determined. Subsection (f) of G.S. 50-13.5 provides for the proper venue for the actions allowed under subsection (b). Subsection (f) provides: "An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided." Then two provisos follow. The first proviso reads: "If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, *until there has been a final judgment in such case,* any action or proceeding for custody and support of the minor children of the marriage *shall* be joined with such action or be by motion in the cause in such action." (Emphasis added.) The second proviso is not pertinent to this case.

> "The foregoing proviso, when read in conjunction with the first sentence of this subsection (f) and in conjunction with subsection (b), makes it clear that after final judgment in a previously instituted action between the parents, where custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. . . . Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case,

because the issue of custody and support remains *in fieri* until the children have become emancipated." *In re Holt*, 1 N.C. App. 108, 160 S.E. 2d 90 (1968) ; *accord Wilson v. Wilson*, 11 N.C. App. 397, 181 S.E. 2d 190 (1971).

The pleadings in the divorce action which preceded *In re Holt, supra,* did not contain a prayer for custody or support. The pleadings in the divorce action which preceded *Wilson v. Wilson, supra,* did not disclose a prayer for custody or support. In contrast the pleadings in the divorce action (in Guilford County) which preceded this civil action for custody (in Randolph County) contained allegations and prayer for custody of the minor children.

In our opinion the allegations upon which custody can be granted and the prayer for custody in the divorce action brought the question of custody to issue even though the question was not determined in the divorce decree. In accordance with *In re Holt, supra,* and *Wilson v. Wilson, supra,* since the question of custody of the minor children was brought to issue in the divorce action in Guilford County *(Nancy R. Kennedy v. John B. Kennedy,* Guilford County No. 75CVD274), the District Court in Guilford County retained jurisdiction of the question of custody of the minor children of the parties. It follows that the District Court in Randolph County is without jurisdiction to entertain an independent action for custody of the minor children of the parties.

The order of the District Court, Randolph County, denying defendant's motion to dismiss is vacated, and this cause is remanded for entry of an order dismissing this action.

Vacated and remanded.

Judges PARKER and HEDRICK concur.