GEORGE P. RHONEY, JR. v. DEBORAH WHITENER RHONEY SIGMON

No. 7825DC1099

(Filed 18 September 1979)

1. **Divorce and Alimony § 23.3— child custody and support—issues not determined in divorce action—independent action in another county**

    The matters of child custody and support were not brought to issue and determined in a prior divorce action in Burke County within the purview of G.S. 50-13.5(f), and the issues of child custody and support could properly be determined in an independent action in another county, where defendant did not file answer in the divorce action and the issues of child custody and support were not presented by the pleadings, and provisions in the divorce decree relating to child custody, visitation and support merely followed in abbreviated form the provisions of a prior separation agreement.

2. **Divorce and Alimony § 23.3— child custody and support—acquired jurisdiction by divorce court—waiver**

    Under G.S. 50-13.5, the district court in Catawba County had jurisdiction of a child custody and support action, and any prior acquired jurisdiction of the district court in Burke County because of its inclusion of custody and support provisions in a divorce decree was waived by the parties, where defendant admitted allegations in plaintiff's complaint relative to the jurisdiction of the court in Catawba County; defendant participated in several days of hearings without objecting to the court's jurisdiction; and defendant waited until 20 days after judgment against her had been signed and her appeal had been noted before making any objection to the Catawba County proceedings.

APPEAL by defendant from *Tate, Judge.* Orders dated 20 July 1978 and 15 August 1978 entered in District Court, CATAWBA County. Heard in the Court of Appeals 20 August 1979.

This is an appeal from an order changing the custody of a minor child.

Plaintiff and defendant were married in 1968 and thereafter lived together as husband and wife until 26 August 1973, when they separated. One child, George Brian Rhoney, was born of their marriage. On 16 July 1974 they signed a separation agree-

ment in which they agreed that custody of the child should be awarded to its mother and that the father should have visitation rights as specifically set forth in detail in the agreement. It was also agreed that the father pay $125.00 per month for support of the child. The separation agreement was acknowledged in Catawba County and recited that the parties were "both of Catawba County." The parties were subsequently divorced in Burke County on 14 October 1974.

The present action was commenced on 12 January 1978, when plaintiff-father filed his verified complaint against defendant-mother in the district court in Catawba County praying that he be awarded permanent custody of the child. Plaintiff alleged that both he and the defendant were residents of Catawba County and that the court had jurisdiction of this proceeding pursuant to G.S. 50-13.5(c)(2)(a) in that the child resided, had his domicile, and was physically present in Catawba County. In her answer defendant admitted these allegations of the complaint.

Plaintiff attached a copy of the 16 July 1974 separation agreement to his complaint and alleged that a substantial change in circumstances had occurred since the execution of that agreement making it in the best interest of the child that he now be placed by the court in the custody of the plaintiff-father. As facts showing a change in circumstances, plaintiff alleged that since their divorce both plaintiff and defendant had remarried; that plaintiff's new wife was a registered nurse and a person of high moral character; that defendant's husband, Larry Gene Sigmon, managed a poolroom; that defendant frequently allowed the child to be taken to the poolroom, which was not a desirable environment for a child of tender years; that in January 1978 Larry Gene Sigmon shot a man in the poolroom; that Sigmon was subsequently charged with murder and this charge was still pending; and that the child was experiencing difficulties at school and needed close parental supervision and guidance. In her answer, in addition to admitting the allegations of the complaint concerning the residence of the parties and of their child and the jurisdiction of the court in Catawba County over this proceeding, the defendant admitted the separation agreement, the divorce of the parties, and their subsequent marriages. She denied the other material allegation of the complaint. As a further defense she alleged that plaintiff was making considerably more money than in 1974 and

that the expenses of the child had substantially increased. She prayed that custody of the child remain with her and that the support payments be increased.

After hearings on several different dates, at which both parties presented evidence, the court entered an order dated 20 July 1978 making detailed findings of fact on the basis of which the court concluded:

1. That since the Separation Agreement entered into between the Plaintiff and Defendant on or about the 16th day of July, 1974, whereby Deborah Whitener Rhoney Sigmon received the primary custody of George Brian Rhoney, a substantial change of circumstances in law and in fact in the situation of the parties and of their said minor child, George Brian Rhoney, has occurred and that it is in the best interest of the minor child, George Brian Rhoney, that he now be placed by the Court in the custody of his father, the Plaintiff, George P. Rhoney, Jr.

2. That the Plaintiff, George P. Rhoney, Jr., is a fit, proper and suitable person to have the custody, care and control of the minor child, George Brian Rhoney, and that the Defendant, Deborah Whitener Rhoney Sigmon, is a fit and proper person to have the secondary custody and reasonable visitation with the minor child, George Brian Rhoney, and that the best interests of the child, George Brian Rhoney, would be served by placing his custody in his father, the Plaintiff, George P. Rhoney, Jr.

In accord with its findings and conclusions, the court awarded primary custody of the child to the plaintiff-father with specified visitation rights being given to the defendant-mother. The defendant immediately gave notice of appeal, the appeal entries being signed by the judge on 20 July 1978.

On 9 August 1978, defendant filed a motion in the trial court to set aside its 20 July 1978 order as being void because the court lacked jurisdiction over the subject matter. As grounds for this motion she alleged that an order had been previously entered in the Burke County divorce action awarding custody of the child to her and visitation rights to the plaintiff, and she asserted that only the court which had entered the previous order could modify

or vacate it by a motion in the cause and a showing of a change of circumstances. Defendant attached to her motion a copy of the judgment dated 14 October 1974 which had been entered by the district court in Burke County in the previously filed divorce action. From this it appears that the divorce action had been instituted by the plaintiff against the defendant in the district court in Burke County upon grounds of separation of the parties for a period in excess of one year, that complaint was filed in that action on 4 September 1974, and that on 6 September 1974 defendant accepted service of summons but did not thereafter file an answer to the complaint. In addition to granting an absolute divorce, the judgment contained the following:

> That the defendant, Deborah Whitener Rhoney, is hereby granted the custody, care, control and supervision of said minor child, subject to reasonable visitation rights of the plaintiff.

> It is furthered ORDERED that the plaintiff pay into the office of the Clerk of Superior Court for the use and benefit of said minor child, the sum of $125.00 Dollars per month.

On 15 August 1978 the court dismissed defendant's motion to set aside its 20 July 1978 order, concluding as a matter of law that, there being an appeal pending from that order, the trial court lacked jurisdiction to rule on the matter.

Defendant appeals both from the 20 July 1978 order awarding custody of the child to the plaintiff and from the dismissal of her motion to have that order declared void.

*Sigmon, Clark & Mackie by Jeffrey T. Mackie for plaintiff appellee.*

*Harris and Bumgardner by Don H. Bumgardner for defendant appellant.*

PARKER, Judge.

On this appeal defendant contends that, since the district court in the Burke County divorce action had awarded custody of the child to her, the district court in Catawba County thereafter lacked jurisdiction to inquire into the matter. We do not agree either with her major premise that the district court in the Burke

County divorce action had actually made a judicial determination as to custody of the child or with her conclusion that the Catawba County court lacked jurisdiction to make such a determination in this action.

The procedure in actions for custody or support of minor children is governed by G.S. 50-13.5. Subsection (b) of G.S. 50-13.5 prescribes the types of actions which may be maintained to obtain custody or support, and subdivision (1) of that subsection provides that such an action may be maintained "[a]s a civil action."

Subsection (f) of G.S. 50-13.5 provides for the proper venue for the actions allowed under G.S. 50-13.5(b). Insofar as pertinent to the question presented by this appeal, G.S. 50-13.5(f) provides:

> (f) Venue.—An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, except as hereinafter provided. If an action for annulment, for divorce, either absolute or from bed and board, or for alimony without divorce has been previously instituted in this State, until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action.

In the present case, both parties and their child reside in Catawba County.

Speaking of G.S. 50-13.5, Professor Lee in his authoritative treatise on North Carolina Family Law said:

> Except for the limited instances set forth in the second sentence of N.C. Gen. Stat. § 50-13.5(f), the jurisdiction over custody and support of a minor child does not, as formerly, automatically become a concomitant of a divorce action and vest in that court a continuing and an exclusive jurisdiction to determine matters of custody and support of minor children . . . . This provision [referring to the second sentence of G.S. 50-13.5(f)] merely prohibits the bringing of any action or proceeding for the custody and the support of a minor child while a previously instituted action for annulment, divorce, or alimony without divorce is pending.

3 Lee, North Carolina Family Law, 3d ed., 1976 Cumulative Supplement, p. 8.

In a case arising soon after the enactment of G.S. 50-13.5, this Court, analyzing the effect of the provision made by the second sentence of subsection (f), said:

> The foregoing proviso, when read in conjunction with the first sentence of this subsection (f) and in conjunction with subsection (b), makes it clear that after final judgment in a previously instituted action between the parents, where custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. . . . Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case, because the issue of custody and support remains *in fieri* until the children have become emancipated.

*In re Holt*, 1 N.C. App. 108, 112, 160 S.E. 2d 90, 93 (1968); *accord, Wilson v. Wilson*, 11 N.C. App. 397, 181 S.E. 2d 190 (1971).

[1] The question initially presented by this appeal thus becomes whether the matters of custody and support of the child were actually brought to issue and determined in the previously instituted Burke County divorce action. In this connection, the opinion of this Court in *Wilson v. Wilson, supra*, is particularly instructive. In that case the plaintiff had obtained an absolute divorce from the defendant in Wake County. In addition to granting the divorce, the judgment in the divorce action, after reciting that the parties had "disposed of all matters at issue by a separation agreement," provided "that the plaintiff shall have the custody of the minor children in accordance with the amended separation agreement heretofore mentioned." Thereafter the plaintiff instituted an action against the defendant in the district court in New Hanover County to obtain increased support for the minor children of the marriage. Defendant moved to dismiss the New Hanover County action, contending that the proper venue was in Wake County where the divorce had been granted. The district court in New Hanover County allowed the motion and dismissed plaintiff's action. On appeal, this Court reversed. In an

opinion written by Morris, Judge (now Chief Judge), the Court said:

> The record before us does not disclose the contents of the pleadings in the Wake County action. The judgment recites that complaint was filed and in due time answer was filed "raising certain issues." We do not know what those issues were. The judgment further recites that all issues except the divorce had been settled by the parties and disposed of by separation agreement including the custody of the children of the parties, the agreement providing that custody of the children be in the wife, plaintiff in the action, and plaintiff in this action. The judgment is completely silent as to support of the children and does not even refer to any such provision in the separation agreement. Nor was the consent portion of the judgment signed by either of the parties or counsel for either. The judgment refers to a separation agreement and an amended separation agreement, but contains nothing by which any separation agreement could be identified as to date or content. Certainly, the separation agreements referred to are not incorporated in the divorce judgment.
>
> It appears clear to us that the custody and support of the children had not been brought to issue or determined in the previous action between the parties, within the meaning of the statute.

*Wilson v. Wilson, supra,* at pp. 399-400, 181 S.E. 2d at pp. 191-192.

In the case now before us, as was true in *Wilson v. Wilson, supra,* the record does not disclose the contents of the pleadings in the prior divorce action. The judgment in that action recites that complaint was filed therein and that defendant accepted service of summons but did not file answer. It does not appear, therefore, that any issue concerning the custody or support of the minor child of the parties was presented for the determination by the court by the pleadings in that action. It is true that the court in that action included in its divorce decree, just as the divorce court had done in the *Wilson* case, a provision relating to the custody of the child. However, the manner in which the provisions relating to child custody, visitation, and support in the Burke County judgment followed so exactly but in abbreviated form the

more elaborate provisions of the prior separation agreement clearly indicates that these provisions were contractual rather than decretal in nature. In any event, it appears clear to us in this case, just as it did to this Court in the *Wilson* case, that the custody and support of the child "had not been brought to issue or determined in the previous action between the parties, within the meaning of the statute." Therefore, under the holdings in *In re Holt, supra,* and *Wilson v. Wilson, supra,* it was proper to determine the issues as to child custody and support in an independent action in another county.

[2] For an additional reason defendant's attack upon the jurisdiction of the district court in Catawba County must fail. Even had the matter of custody and support of the child been brought to issue and judicially determined in the Burke County divorce action, when this action was subsequently instituted in Catawba County defendant made no objection to it. On the contrary, she admitted all allegations in plaintiff's complaint relative to the jurisdiction of the court in Catawba County, and she thereafter participated in several days of hearings before the court without once objecting to the jurisdiction of the court. Indeed, it does not appear that she in any way even brought to the attention of the court the fact that the Burke County divorce decree may have contained some language relating to the custody and support of the child. Instead, she waited until twenty days after judgment against her had been signed and her appeal had been noted before making any objection to the Catawba County proceedings. Under these circumstances, defendant's objection came too late. Her contention that the question presented involves the court's jurisdiction over the subject matter, which can neither be granted by consent of the parties nor waived by their failure to make timely objection, has already been decided by this Court against her position. In *Snyder v. Snyder,* 18 N.C. App. 658, 197 S.E. 2d 802 (1973), the parties had been divorced in Mecklenburg County. By order in that action custody of the oldest child was awarded to his father and the father was directed to make monthly payments for the support of three younger children then residing with their mother pursuant to terms of a separation agreement. Thereafter, the three younger children came to be under the control of their father in Wake County, and the mother instituted an action in the district court in Wake County to obtain their custody. Orders

were entered awarding custody of the three younger children to the father. On appeal, the mother contended that the district court in Wake County lacked jurisdiction to hear evidence and enter orders relating to the custody of the three younger children, since the district court in Mecklenburg County had entered an order relating to their custody and support. This Court rejected this contention, the opinion of the Court stating:

> Having made an order of support, the District Court held in Mecklenburg County had undertaken jurisdiction and thus became the proper venue of the case. *Tate v. Tate*, 9 N.C. App. 681, 177 S.E. 2d 455 (1970). Despite this, however, when the plaintiff instituted this action in Wake County and the defendant made no objection to it, the action was subject to determination in Wake County.
>
> It is not a question of jurisdiction, which cannot be waived or conferred by consent, but it is a question of a prior pending action and this can be waived by failure to raise it. *Hawkins v. Hughes*, 87 N.C. 115 (1882). Under the statute, the District Court held in Wake County had jurisdiction and the prior acquired jurisdiction in Mecklenburg County was waived by the parties.

*Snyder v. Snyder, supra*, at p. 660, 197 S.E. 2d at p. 804.

We hold in the present case that under the statute, G.S. 50-13.5, the district court in Catawba County had jurisdiction and the prior acquired jurisdiction of the Court in Burke County was waived by the parties.

Defendant also assigns error to certain of the court's findings of fact and conclusions of law on the basis of which custody was awarded to the plaintiff. A review of the record reveals ample evidence to support the court's crucial findings of fact and these in turn support the court's finding and conclusion that it is in the best interest of the child that he now be placed in the custody of the plaintiff.

The order appealed from is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.