W. H. SOUTHGATE v. JAMES S. RUSS

No. 8026DC1030

(Filed 2 June 1981)

1. Process § 9 — service of process on nonresident in another state

The trial court did not err in denying defendant's motion to dismiss for lack of personal jurisdiction based upon his residence in S.C. and service of process upon him in that state, since defendant's motion did not raise the questions of lack or service of insufficiency of service of process, and defendant in his notice of special appearance alleged that he was served with process in S.C. and this allegation constituted a judicial admission that personal service was obtained upon him in this action.

**2. Rules of Civil Procedure § 12.1 — insufficiency of process — waiver of objections to jurisdiction**

Where defendant filed his answer, reserving his rights under his earlier notice of special appearance, but the questions of insufficiency of process or insufficiency of service of process were not presented in the earlier notice, defendant, by filing his answer without raising these objections to jurisdiction, waived these objections, and his answer constituted a general appearance in this case, removing the question of personal jurisdiction. G.S. 1A-1, Rule 12(h)(1); G.S. 1-75.7.

APPEAL by defendant from *Black, Judge.* Judgment entered 11 August 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 29 April 1981.

Plaintiff filed complaint, 16 February 1977, against defendant, alleging a cause of action for damages caused by defendant's breach of contract to purchase plaintiff's interest in a theater. The record does not contain an executed summons, although an unsigned copy is included.

On 4 April 1977, defendant filed a paper entitled "Notice of Special Appearance," and in it objected to the jurisdiction of the court on the grounds that defendant is a citizen and resident of South Carolina and that he was served with process in South Carolina. On the same date, defendant filed an answer, reserving all rights under his notice of special appearance, and denying the material allegations of plaintiff's complaint.

At trial, the original summons and return were not to be found in the court file. Defendant made a motion to dismiss for lack of personal jurisdiction due to insufficiency of process and insufficiency of service of process.

After hearing, the court denied defendant's motions to dismiss and entered judgment for plaintiff on the merits. Defendant appeals.

*Ralph C. Harris, Jr. for plaintiff appellee.*

*Michael A. Almond for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] Defendant by his appeal raises the question of the jurisdiction of the court over his person. First, defendant argues the court erred in denying his motion to dismiss for lack of personal

jurisdiction based upon his residence in South Carolina and service of process upon him in South Carolina. This motion, filed 4 April 1977, does not raise the questions of lack of service or insufficiency of service of process.

It is alleged and admitted that defendant is a resident of the state of South Carolina. Personal service upon a nonresident of North Carolina is governed by Rule 4(j)(9)a of the North Carolina Rules of Civil Procedure. Personal service may be made on any party outside this state by anyone authorized by section (a) of Rule 4 and in the manner set out in section (j) for service on such party within North Carolina. Rule 4(a) provides that a proper person for service outside North Carolina shall be anyone who is not a party and is not less than twenty-one years of age, or anyone duly authorized to serve summons by the law of the place where service is to be made.

The two affidavits of T. H. Hydrick, Sr. show that he is not a party to the action and that he is an authorized process server in the state of South Carolina and that he served defendant with summons and complaint in this case.

More importantly, defendant in his notice of special appearance alleges that he was served with process in South Carolina. This constitutes a judicial admission that personal service was obtained upon him in this action. This admission conclusively establishes this fact for the purposes of this case. *Clapp v. Clapp*, 241 N.C. 281, 85 S.E. 2d 153 (1954); *Bell v. Chadwick*, 226 N.C. 598, 39 S.E. 2d 743 (1946); *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588, *cert. denied*, 281 N.C. 758 (1972); 2 Stansbury's N.C. Evidence § 177 (Brandis rev. 1973). Defendant cannot now contend he was not served with process in this case. We find no error in the denial of defendant's motion of 4 April 1977.

[2] At trial, defendant moved to dismiss for insufficiency of process and insufficiency of service of process. When defendant filed his answer, he only reserved his rights under his 4 April 1977 notice of special appearance. The questions of insufficiency of process or insufficiency of service of process were not presented in the 4 April 1977 notice. By filing his answer without raising these objections to jurisdiction, defendant waived these objections. N.C. G.S. 1A-1, Rule 12(h)(1), provides:

(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Defendant's answer constitutes a general appearance in this case, removing the question of personal jurisdiction. *Simms v. Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974).

[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person. . . .

A general appearance waives any defects in the jurisdiction of the court for want of valid summons or of proper service thereof.

*In re Blalock*, 233 N.C. 493, 504, 64 S.E. 2d 848, 856 (1951) (citations omitted). N.C.G.S. 1-75.7 contains the following:

*Personal jurisdiction—grounds for without service of summons.—* A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:

(1) Who makes a general appearance in an action; . . .

N.C. Gen. Stat. 1-75.7(1), 1979 Supp.

The trial court properly denied defendant's challenges to jurisdiction of his person.

Affirmed.

Chief Judge MORRIS and Judge HILL concur.