SANDRA BROYHILL, Now KNOWN AS SANDRA B. HARMON v. OTIS L. BROYHILL, JR.

No. 8528DC1101

(Filed 3 June 1986)

**Divorce and Alimony § 23— child support—motion in the cause—transfer of venue**

> The court of original venue may, in its discretion, transfer the venue of an ongoing action for child custody or support to a more appropriate county. N.C.G.S. § 50-13.5(f).

APPEAL by defendant from *Styles, Judge.* Order entered 16 August 1985 in District Court, BUNCOMBE County. Heard in the Court of Appeals 14 March 1986.

This appeal arises from a motion in the cause in an action for child support. The case was first heard in Buncombe County Dis-

trict Court in 1976. Thereafter, in June 1985, plaintiff filed a motion for change of venue from Buncombe County to Mecklenburg County, where plaintiff and her children had moved. In the motion, plaintiff stated that defendant had a four month arrearage in his child support payments and further that the needs of the parties' minor children had substantially increased. Since, however, plaintiff and the minor children had moved to Mecklenburg County, plaintiff moved for a change of venue prior to the hearing on the merits of the motion in the cause. An Order granting the change of venue was entered 16 August 1985, and from that Order, defendant appealed.

*Carnegie and Miller, by Leslie H. Miller, for plaintiff-appellee.*

*Stephen R. Little for defendant-appellant.*

BECTON, Judge.

By his sole assignment of error, defendant-appellant contends that the venue of this motion in the cause should not have been transferred to Mecklenburg County. G.S. § 50-13.5(f) in pertinent part provides:

> *Venue.* An action or proceeding in the courts of this State for . . . support of a minor child may be maintained in the county where the child resides . . . or in the county where a parent resides, except as hereinafter provided. If an action . . . for divorce . . . has been previously instituted in this State, *until there has been a final judgment in such case,* any action or proceeding for . . . support of the minor children of the marriage shall be . . . by motion in the cause in such action. (Emphasis added.)

In this case, a final judgment in the divorce action between the parties was entered in 1976 in Buncombe County. A final judgment in the child support action between the parties was also entered in 1976 in Buncombe County. We have previously held that the *only* proper court to entertain an action seeking to modify an earlier award of custody and support is the court of original jurisdiction and venue. *Tate v. Tate,* 9 N.C. App. 681, 177 S.E. 2d 455 (1970).

Broyhill v. Broyhill

Plaintiff seeks to distinguish *Tate* by contending that the custodial parent in that case attempted to file an action for support in a different county without first asking the court of original venue for a change of venue. In the present case, plaintiff went before the court of original venue and requested a change of venue *before* making a motion for arrearages and an increase. Plaintiff thus contends that the trial court properly exercised its discretion by transferring the venue of the action to the locale in which the minor children currently reside, and that such a transfer was in the best interests of the minor children.

In cases dealing with custody and support of minor children there is no truly "final" judgment until the children are emancipated. *Kennedy v. Surratt*, 29 N.C. App. 404, 224 S.E. 2d 215 (1976). Accordingly, the court of original venue was thought to retain that venue during the entire period of custody and support. The holding in *Tate* is that a party cannot seek modification of a child support order in a court other than that in which it was entered *where there has been no change of venue by the court. Tate* does not hold, however, and we find no authority which does hold, that the court which entered the order cannot transfer venue to another court for the convenience of witnesses and parties and the best interest of the child. In this age of increased mobility and frequent changes of residence, it is unrealistic to assume that divorced parents will always remain in the county in which their judgment of divorce was entered, or in which an order of custody and support was entered. For the convenience of witnesses and parties and because it may be in the best interests of justice and the parties, we hold that the court of original venue may, in its discretion, transfer the venue of an ongoing action for custody or support to a more appropriate county. Accordingly, the order of the trial court transferring venue in this motion in the cause from Buncombe County to Mecklenburg County is

Affirmed.

Judges WHICHARD and EAGLES concur.