CHARLES VANCE BROOKS, IV v. LYNN G. BROOKS

No. 9128DC186

(Filed 21 July 1992)

1. **Divorce and Separation § 456 (NCI4th)— child custody and support order—venue for modification—waiver of venue**
   Once a child custody and support order is entered by a court having subject matter jurisdiction and the parties remain the same, the proper venue for any modification of this decree pursuant to N.C.G.S. § 50-13.7 is the court entering the original decree. However, a waiver of venue occurs when a modification request is filed with the district court in an improper county and there is no timely demand that the trial be conducted in the proper county.

   **Am Jur 2d, Divorce and Separation § 1007.**

2. **Divorce and Separation § 456 (NCI4th)— child custody and support—modification hearing—removal to proper county—plea in abatement**
   The demand that a child custody and support modification hearing be held in the proper county should be by a plea

BROOKS v. BROOKS

[107 N.C. App. 44 (1992)]

in abatement based on the prior action pending, and this plea in abatement must be raised either in a pre-answer motion or set forth affirmatively ·in the answer.

**Am Jur 2d, Divorce and Separation § 1005.**

3. **Divorce and Separation § 456 (NCI4th)— child custody and support—modification hearing—waiver of venue**

Defendant waived her right to remove from Buncombe County to New Hanover County plaintiff's action for modification of a child custody and support order entered in New Hanover County when she failed to make her demand for removal by a plea in abatement either in a pre-answer motion or in the answer. Defendant's oral motion at trial, after the pleadings were complete, was ineffective to raise the removal issue.

**Am Jur 2d, Divorce and Separation §§ 1004 et seq.**

Judge PARKER dissenting.

APPEAL by plaintiff from order entered 31 October 1990 in BUNCOMBE County District Court by *Judge Robert L. Harrell.* Heard in the Court of Appeals 14 November 1991.

*Brock, Drye & Aceto, P.A., by Michael W. Drye, for plaintiff-appellant.*

*No brief was filed for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from an order dated 31 October 1990, granting defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the North Carolina Rules of Civil Procedure.

Charles Brooks (Plaintiff) and Lynn Brooks (Defendant) were separated in July, 1986, and entered into a Separation Agreement (Agreement). The Agreement provided for, among other things, the terms of custody and support of their minor child, John Brooks, born 22 October 1982. According to the Agreement, Plaintiff and Defendant were to have joint custody of the child, with Plaintiff contributing $600.00 per month in child support. In 1987, Plaintiff instituted an absolute divorce action against Defendant in New

Hanover County District Court. In September, 1987, a final divorce decree, incorporating the terms of the Agreement, was granted.

Prior to and during the time of the separation and the divorce proceedings, both Plaintiff and Defendant were residents of New Hanover County. Subsequent to the final divorce decree, Plaintiff became a resident of Duplin County while Defendant and the child became residents of Buncombe County. In August, 1990, Plaintiff filed a civil action in Buncombe County, seeking a modification of the New Hanover County judgment. Plaintiff sought custody and support of the child, or, in the alternative, expanded visitation. Defendant filed no pre-answer motions, nor did she allege any affirmative defenses in her answer. At trial Defendant made an oral motion to dismiss for lack of subject matter jurisdiction. Finding that New Hanover County was the proper forum to consider the matter, and that Buncombe County lacked jurisdiction, Judge Robert L. Harrell granted Defendant's motion to dismiss. From this order Plaintiff appeals.

---

The issue is whether a custody and support modification motion is properly heard in some county other than the county where the original custody decree was entered.

When in compliance with the federal Parental Kidnapping Prevention Act, 28 U.S.C.S. § 1738A, and the Uniform Child Custody Jurisdiction Act, N.C.G.S. § 50A-3, subject matter jurisdiction for the trial of a child custody and support action is vested in the district courts of this State, N.C.G.S. § 7A-244 (1989); *Harris v. Harris*, 104 N.C. App. 574, 576, 580, 410 S.E.2d 527, 529, 531 (1991), and is not subject to waiver by the parties. N.C.G.S. § 1A-1, Rule 12(h)(3) (1990). Venue for these proceedings is controlled by N.C.G.S. § 50-13.5(f) and may be waived by any party. *Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 744, 71 S.E.2d 54, 55 (1952) (venue is not jurisdictional and may be waived by any party). Waiver occurs when any action is filed in an improper county and there is not a timely demand that the trial be removed to the proper county. *Id.*

[1] Once custody and support are brought to issue there can be "no final judgment in that case, because the issue of custody and support remain *in fieri* until the children have become emancipated." *In re Holt*, 1 N.C. App. 108, 112, 160 S.E.2d 90, 93 (1968). Therefore, until the children are emancipated, the case in which custody and

support is originally determined remains pending and if the parties remain the same, this prior pending action "works an abatement of a subsequent action . . . in another court of the state having like jurisdiction." *Clark v. Craven Regional Medical Auth.*, 326 N.C. 15, 20, 387 S.E.2d 168, 171 (1990). Accordingly, once a child custody and support order is entered by a court having subject matter jurisdiction and the parties remain the same, the proper venue for any modification of this decree pursuant to N.C.G.S. § 50-13.7 is the court entering the original decree. *See Broyhill v. Broyhill*, 81 N.C. App. 147, 149, 343 S.E.2d 605, 606-07 (1986). However, waiver of venue occurs when a modification request is filed with the district court in an improper county and there is no timely demand that the trial be conducted in the proper county. *Snyder v. Snyder*, 18 N.C. App. 658, 660, 197 S.E.2d 802, 803-04 (1973); *see Clark*, 326 N.C. at 20, 387 S.E.2d at 171. In such event, the district court in the improper county appropriately adjudicates the modification request. *Id.*; N.C.G.S. § 7A-244 (1989).

[2] The demand that the modification hearing be held in the proper county takes the form of a plea in abatement based on the prior pending action. *See Powers v. Parisher*, 104 N.C. App. 400, 406, 409 S.E.2d 725, 729-30 (1991) (discussing applicability of plea in abatement in context of action for child support). A plea in abatement based on a prior pending action, although not specifically enumerated in Rule 12(b) of the Rules of Civil Procedure, is a preliminary motion of the type enumerated in Rule 12(b)(2)-(5) and the time for filing such motion is governed by that rule. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §§ 1360, 1394 (1990 & Supp. 1992); *Lehrer v. Edgecombe Mfg. Co.*, 13 N.C. App. 412, 414, 185 S.E.2d 727, 729 (1972). Furthermore, the defense is an affirmative defense and Rule 8(c) requires that such defenses be affirmatively set forth in the answer. N.C.G.S. § 1A-1, Rule 8(c) (1990); *Clark*, 326 N.C. at 20, 387 S.E.2d at 171. Therefore, a plea in abatement based on a prior pending action must be raised either in a pre-answer motion or set forth affirmatively in the answer. N.C.G.S. § 1A-1, Rule 12(h)(1) (1990); *Clark*, 326 N.C. at 20, 387 S.E.2d at 171. The failure to raise the defense in this manner constitutes a waiver of the defense. *Id.*; *Southgate v. Russ*, 52 N.C. App. 364, 366, 278 S.E.2d 313, 314 (1981); *see also Clark*, 326 at 20, 387 S.E.2d at 171; *McDowell v. Blythe Bros. Co.*, 236 N.C. 396, 399, 72 S.E.2d 860, 863 (1952).

[3] In the present action, plaintiff seeks modification of an earlier child custody and support order entered in New Hanover County. The child at issue is not emancipated and the parties to this action for modification are the same as the parties to the original action. Therefore, New Hanover County is the proper venue for the modification proceeding and the order entered in New Hanover County represents a prior pending action. Defendant, however, waived her right to remove the case from Buncombe County to New Hanover County when she did not make her demand for removal either in a pre-answer motion or in the answer. The defendant's oral motion made at trial, after the pleadings were complete, was not timely and therefore ineffective to raise the issue of the prior pending action. Accordingly, the trial court erred in dismissing the plaintiff's complaint. The order of dismissal is reversed and the matter is remanded to the District Court of Buncombe County for hearing on the plaintiff's request for modification of the 11 September 1987 order of custody and support entered in New Hanover County.

Reversed and remanded.

Judge WYNN concurs.

Judge PARKER dissents with separate opinion.

Judge PARKER dissenting.

I respectfully dissent. Plaintiff did not assign error on the basis of defendant's untimely plea in abatement, but rather in both his assignments plaintiff steadfastly asserted that his action is a new civil action over which the trial court had jurisdiction. "Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). Even though plaintiff had the benefit of an overnight recess to ferret out this issue, no suggestion was made before the trial court that defendant's motion to dismiss was untimely and that defendant had waived her right to pursue her motion by not raising it as a plea in abatement in her answer. Not until his brief filed in this Court did plaintiff mention plea in abatement or the untimeliness of defendant's objection. Accordingly, not having raised this basis to defeat defendant's motion to dismiss in

the court below or in his assignments of error, plaintiff, in my view, has waived any right to argue the untimeliness of defendant's motion before this Court.

Notwithstanding plaintiff's contention that his action was a new action, the prayer for relief in his complaint shows he desired a modification as to existing custody and support arrangements. "An order of a court of this State for support of a minor child may be modified . . . at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C.G.S. § 50-13.7(a) (1987). Similarly, a court order for custody may be modified "upon motion in the cause." *Id.* If no order for custody or support exists, an action therefor may be brought as an independent civil action. N.C.G.S. § 50-13.5(b)(1) (Supp. 1991).

The latter statute also provides:

> Venue.—An action or proceeding in the courts of this State for custody and support of a minor child may be maintained in the county where the child resides or is physically present or in a county where a parent resides, *except as hereinafter provided*. If an action for . . . divorce . . . has been previously instituted in this State, until there has been a final judgment in such case, any action or proceeding for custody and support of the minor children of the marriage shall be joined with such action or be by motion in the cause in such action.

N.C.G.S. § 50-13.5(f) (Supp. 1991) (emphasis added). Construing this subsection, this Court said

> [A]fter final judgment in a previously instituted action between the parents, where custody and support has not been brought to issue or determined, the custody and support issue may be determined in an independent action in another court. . . . Of course, if the custody and support has been brought to issue or determined in the previously instituted action between the parents, there could be no final judgment in that case, because the issue of custody and support remains *in fieri* until the children have become emancipated. 27B C.J.S. 423; 27B C.J.S. 678.

*In re Holt*, 1 N.C. App. 108, 112, 160 S.E.2d 90, 93 (1968). This Court has also said of N.C.G.S. § 50-13.5(f) that it invokes "not only venue but actually jurisdiction." *Tate v. Tate*, 9 N.C. App. 681, 682, 177 S.E.2d 455, 456 (1970). A different statute requires

that in all divorce actions the complaint must state the name and age of any minor children of the marriage. N.C.G.S. § 50-8 (1987).

Nevertheless, jurisdiction over custody and support of a minor child does not necessarily " 'automatically become a concomitant of a divorce action and vest in th[e] court a continuing and exclusive jurisdiction to determine [these] matters.' " *Rhoney v. Sigmon*, 43 N.C. App. 11, 15, 257 S.E.2d 691, 694 (1979) (quoting 3 R. Lee, *North Carolina Family Law* § 222 (3d ed. 1963 & Supp. 1976) ). Considering whether these matters had been brought to issue in an earlier action, the Court in *Rhoney* stated that on the record before it, no issue concerning custody or support was presented for determination by the court in the pleadings. The provisions in the judgment relating to custody and support "followed so exactly but in abbreviated form the more elaborate provisions of the prior separation agreement [as to indicate they] were contractual rather than decretal in nature." *Id.* at 17-18, 257 S.E.2d at 695. In deciding the matters had not been brought to issue or determined in the previous action, the Court found guidance in *Wilson v. Wilson*, 11 N.C. App. 397, 181 S.E.2d 190 (1971).

In *Wilson*, the parties' earlier judgment was silent as to child support and did not refer to any corresponding provision of their separation agreement. In holding custody and support had not been brought to issue or determined, the Court said, "The judgment refers to a separation agreement and an amended separation agreement but contains nothing by which any separation agreement could be identified as to date or content. *Certainly, the separation agreements referred to are not incorporated in the divorce judgment.*" *Id.* at 399, 181 S.E.2d at 191 (emphasis added).

It is generally agreed that

[c]ontracts of parents respecting the custody and support of their children are not binding on the courts. . . . When the welfare of the child is involved, as in divorce cases, the parents cannot so bind themselves as to foreclose the court from an inquiry as to what that welfare requires. The court may, of course, recognize and enforce the agreement of the parents when, in its opinion, the agreement is for the best interest of the child.

. . . .

BROOKS v. BROOKS

[107 N.C. App. 44 (1992)]

Where such agreement is conducive to the general welfare of the child, it will be respected, and it may be incorporated into the decree and enforced, although the power of the court subsequently to modify the decree as to the custody of the children is not thereby abridged.

. . . .

Courts retain a continuing power to modify orders for the custody and support of minor children. The orders may be changed upon a substantial change of circumstances. The power of the court is not affected by virtue of the fact that the decree incorporated a stipulation of the parents respecting custody. Provisions approved by the court in its decree are not contractual in nature but are in effect an adjudication of custody and support by the court.

2 R. Lee, *North Carolina Family Law* § 151 (4th ed. 1980).

In the present case, plaintiff alleged and defendant admitted that the parties' separation agreement, which dealt with custody and support of their minor child, was incorporated into their divorce judgment from the New Hanover court. Under *Wilson* and *Rhoney*, therefore, custody and support were brought to issue and determined. Under section 50-13.5(f), *Tate*, *Wilson* and *Rhoney*, custody and support became concomitant parts of the New Hanover court's jurisdiction over the parties' divorce action. Under section 50-13.5(f), *Tate*, and *Holt*, the issues of custody and support remained *in fieri* in the New Hanover court.

In *Broyhill v. Broyhill*, 81 N.C. App. 147, 343 S.E.2d 605 (1986), this Court considered the application of section 50-13.5(f) to a motion in the cause requesting a modification of child support. In that case, final judgments in the parties' divorce and child support actions were entered in 1976 in Buncombe County. Plaintiff, who was awarded custody of the parties' minor children, moved to Mecklenburg County but later filed in Buncombe County both a motion in the cause and a motion for change of venue to Mecklenburg. The trial court granted plaintiff's motion for change of venue. *Id.* at 148, 343 S.E.2d at 606.

On appeal defendant argued the trial court should not have transferred venue. This Court stated

In cases dealing with custody and support of minor children there is no truly "final" judgment until the children are emancipated. *Kennedy v. Surratt*, 29 N.C. App. 404, 224 S.E.2d 215 (1976). Accordingly, the court of original venue was thought to retain that venue during the entire period of custody and support. The holding in *Tate* is that a party cannot seek modification of a child support order in a court other than that in which it was entered *where there has been no change of venue by the court. Tate* does not hold, however, and we find no authority which does hold, that the court which entered the order cannot transfer venue to another court for the convenience of witnesses and parties and the best interest of the child. In this age of increased mobility and frequent changes of residence, it is unrealistic to assume that divorced parents will always remain in the county in which their judgment of divorce was entered, or in which an order of custody and support was entered. For the convenience of witnesses and parties and because it may be in the best interests of justice and the parties, we hold that the court of original venue may, in its discretion, transfer the venue of an ongoing action for custody or support to a more appropriate county. Accordingly, the order of the trial court transferring venue in this motion in the cause from Buncombe County to Mecklenburg County is

Affirmed.

*Id.* at 149, 343 S.E.2d at 606-607.

Under section 50-13.7(a), a party desiring modification of an existing custody or support order must file a motion in the cause. Under *Broyhill* a party desiring modification may file with the court of original jurisdiction and venue a motion in the cause and a motion for change of venue; whether to grant a change of venue is solely within the discretion of the court. As plaintiff did not file the required motions in the appropriate court, the trial court, in my view, did not err in dismissing the action.

The confusion created by *Snyder v. Snyder*, 18 N.C. App. 658, 197 S.E.2d 802 (1973), is manifest by the inconsistency in the two sentences of the last paragraph which read:

"It is not a question of jurisdiction, *which cannot be waived* or conferred by consent, but it is a question of a prior pending action and this can be waived by failure to raise it. *Hawkins*

*v. Hughes*, 87 N.C. 115 (1882). Under the statute, the District Court held in Wake County had jurisdiction and the *prior acquired jurisdiction* in Mecklenburg County *was waived* by the parties.

*Id*. at 660, 197 S.E.2d at 804 (emphasis added). The discussion of *Snyder* in *Rhoney* relied on by plaintiff is *dictum*, as the Court in *Rhoney* had already determined that custody of the child was not at issue in the divorce action in Burke County.

As a practical matter the procedure outlined in *Broyhill* is a salutary one. Some uniform procedure is necessary to assure that files containing orders modifying child custody provisions will not be located in clerks' offices across the state, thereby creating a real possibility that the judge before whom the matter is pending may not be made aware of a prior order. Since change in circumstances is the key factor in determining whether to modify child custody and support, access to the prior record is beneficial. Moreover, the potential for abuse by either party in child custody and support cases, which can sometimes become highly emotional, inflammatory situations, is readily apparent.

In view of the foregoing, I vote to affirm.