UNITED BUYING GROUP, INC. v. LAWRENCE H. COLEMAN AND MORTON COLEMAN

No. 7726SC647

(Filed 20 June 1978)

**Constitutional Law § 24.7; Process § 9.1— nonresident defendants—notes guaranteeing contract—personal jurisdiction**

G.S. 1-75.4(5) provided statutory authority for the exercise of personal jurisdiction by the courts of this State over nonresident defendants in an action to recover on promissory notes executed by defendants guaranteeing payment to plaintiff North Carolina corporation for the acceptance of orders from and the delivery of merchandise to a Virginia corporation. Furthermore, the notes guaranteeing a contract to be performed in this State furnished sufficient contacts with this State so that the assumption of personal jurisdiction over the defendants did not violate due process.

APPEAL by plaintiff and defendant Lawrence H. Coleman from *Griffin, Judge.* Judgment entered 24 May 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 May 1978.

By motions to dismiss for lack of jurisdiction over their persons, defendants challenge plaintiff's right to bring an action in North Carolina to collect amounts due by the terms of certain conditional promissory notes. The notes, each bearing the signature of one defendant, purport to guarantee payment to plaintiff for merchandise ordered on behalf of Coleman's. Coleman's, a Virginia corporation, is now insolvent.

Lawrence Coleman was the primary owner and president of Coleman's. He also owned stock in plaintiff Buying Group, a North Carolina corporation. Lawrence Coleman is a resident of Virginia. Morton Coleman, his brother, is a medical doctor and resident of New York. He was not involved directly with Coleman's.

The court considered affidavits and exhibits and concluded that the State of North Carolina could exercise jurisdiction over the person of Lawrence Coleman, finding that he had the necessary contacts with the state to satisfy the requirements of due process and that plaintiff had rendered him services in this State as contemplated by G.S. 1-75.4(5). The court further concluded that no services were performed by plaintiff with respect to defendant Morton Coleman so that G.S. 1-75.4(5) did not apply to him. Moreover, the court found that the State of North Carolina cannot exercise personal jurisdiction over Morton Coleman due to limitations imposed by the due process clause of the Constitution of the United States.

The cause of action against Morton Coleman was dismissed. The court denied Lawrence Coleman's motion for dismissal.

*Richard N. Weintraub, for plaintiff appellant.*

*Fleming, Robinson & Bradshaw, by Michael A. Almond, for defendant appellees.*

VAUGHN, Judge.

These appeals present the question of whether the courts of North Carolina can exercise personal jurisdiction over either of

the defendants. The question involves a two-part inquiry. Before the court may exercise jurisdiction over a nonresident defendant, it must have statutory authorization and its exercise of such jurisdiction must comport with the requirements of due process. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977).

This Court analyzed a similar set of facts in *First-Citizens Bank & Trust Co. v. McDaniel* and held that "[w]here the nonresident defendant promises to pay the debt of another, which debt is owed to North Carolina creditors, such promise is a contract to be performed in North Carolina and is sufficient minimal contact upon which this State may assert personal jurisdiction over the defendant. 18 N.C. App. 644, 647, 197 S.E. 2d 556, 558 (1973). The defendant in *McDaniel* was sued as the endorser of a promissory note made as part of a loan agreement between the bank and a corporate debtor. The defendant was a citizen and resident of New Jersey. The court found that the bank's loan of money to the corporation was a service rendered in this State and that G.S. 1-75.4(5) was statutory authority for the exercise of jurisdiction over the endorser. The note signed by Morton Coleman recites as consideration "the acceptance of orders from and/or the delivery of merchandise to Coleman's, by United Buying Group." Although all the parties treat the note signed by Lawrence Coleman as if it read the same, we point out that by its terms Lawrence Coleman agrees to pay for the acceptance of orders from and the delivery of merchandise to himself. The value of these services to defendants must have been substantial in view of the fact that one note on its face obligates Lawrence Coleman to pay up to $36,718.75 and the other obligates Morton to pay up to $25,000 if the buyer, Coleman's, defaults. G.S. 1-75.4(5) certainly, therefore, provides statutory authority for the exercise of jurisdiction by this State over both these defendants.

The defendants contend, however, that they will be denied due process if forced to defend this suit in North Carolina since their contacts with the state are minimal. They argue that jurisdiction over a nonresident defendant should not be based on a single contract unless that contract has substantial consequences in the forum state. Assuming that this is an accurate statement of law, defendants' conscious election to buy services in North Carolina and to facilitate the business activities of Cole-

man's in this State establishes a substantial relationship with this State. The courts of North Carolina were open to enforce the underlying contract which these notes purport to guarantee. As we have pointed out, acceptance by plaintiff of this underlying contract was the consideration for the notes. In these circumstances, assumption of *in personam* jurisdiction over both defendants does not offend traditional notions of fair play and substantial justice as those concepts are embodied in the due process clause of the Fourteenth Amendment. *See Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974).

We also note that this Court is not alone in holding that due to its voluntary nature and foreseeable consequences a guaranty or an endorsement of an obligation is the type of contact with a state which supports jurisdiction in the courts of that state where there is statutory authority for such jurisdiction. *See e.g. O'Hare Int'l Bank v. Hampton*, 437 F. 2d 1173 (7th Cir. 1971); *Standard Life & Acc. Ins. Co. v. Western Finance, Inc.*, 436 F. Supp. 843 (W.D. Okla. 1977); *Federal Nat. Bank & Trust Co. v. Moon*, 412 F. Supp. 644 (W.D. Okla. 1976); *Einhorn v. Home State Savings Assn.*, 256 So. 2d 57 (Fla. 1971); *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.*, 77 N.M. 92, 419 P. 2d 465 (1966); *see contra D.E.B. Adjustment Co. v. Dillard*, 32 Colo. App. 184, 508 P. 2d 420 (1973).

The part of the judgment denying Lawrence Coleman's motion to dismiss is affirmed. The part of the judgment allowing Morton Coleman's motion to dismiss is reversed.

Affirmed in part; reversed in part.

Judges MORRIS and MARTIN concur.