JOHN PATRICK McANINCH v. SEMA JO BOSCIA McANINCH

No. 7824DC684

(Filed 6 February 1979)

**Divorce and Alimony § 26.1— child custody—Florida decree not entitled to full faith and credit**

    A Florida decree awarding custody of a child to defendant mother was not entitled to full faith and credit where the child in question was not in the state of Florida when the decree was entered and the court did not have jurisdiction over the person of the child's father; therefore, in a child custody action instituted by plaintiff father in N. C., the trial court erred in concluding that it had no jurisdiction to conduct an inquiry and award custody of the child, who was present in the courtroom along with both parents who were represented by counsel.

APPEAL by plaintiff from *Lacey, Judge.* Judgment entered 23 February 1978 in District Court, WATAUGA County. Heard in the Court of Appeals 15 November 1978.

Plaintiff instituted this action for custody of his minor child on 2 December 1977. Defendant filed answer and was present at the hearing. The child was also present. Plaintiff and the defendant separated in September, 1976, and defendant moved from the home of the parties in Boone, North Carolina to Florida. On 19 April 1977, the defendant filed a "Petition For Dissolution Of

Marriage" in Dade County, Florida. The prayer for relief also asked for custody of the child. Constructive service of the action on the plaintiff here was by publication in a Florida newspaper, and a copy of the "Notice For. Dissolution Of Marriage" was mailed to him. The plaintiff was never personally served and never appeared in the Florida action. On 16 May 1977, he went to Florida and returned to North Carolina with the child, who had been in plaintiff's custody since that date. The Florida court entered a "Judgment Of Dissolution Of Marriage" on 28 June 1977, granting a divorce and awarding custody of the child to the mother. There were no findings of fact or conclusions of law with respect to the custody question. The court merely declared that "petitioner be and is hereby awarded custody of the minor child of the parties." The child was in North Carolina at the time of the hearing and order.

The trial judge concluded that the Florida judgment was entitled to full faith and credit and that, absent a substantial change of circumstances, "this court is without jurisdiction to enter an order modifying the same." In the next paragraphs the judge concluded that he did have jurisdiction but would decline to exercise it. He then repeated his earlier conclusion that his court was without jurisdiction and dismissed the action.

*Clement & Miller, by Charles E. Clement, for plaintiff appellant.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by A. Marshall Basinger II, for defendant appellee.*

VAUGHN, Judge.

The judge was in error when he concluded that the Full Faith and Credit Clause of the Constitution of the United States deprived the North Carolina court of jurisdiction to consider plaintiff's action for custody of his minor child. The almost identical question was decided in *May v. Anderson*, 345 U.S. 528 (1953). In *May*, the husband, wife and children lived in Wisconsin. Upon reaching a decision to separate, the wife took the children and moved to Ohio. The husband obtained a divorce and custody of the children in a Wisconsin proceeding. The only service of process upon the wife was the delivery to her in Ohio of a copy of the summons and petition. She took no part in the Wisconsin suit.

Armed with his decree, the husband filed a *habeas corpus* petition
in Ohio seeking to determine who had the right to immediate
custody of the children. The issue addressed by the Supreme
Court was "whether a court of a state, where a mother is neither
domiciled, resident nor present, may cut off her immediate right
to the care, custody, management and companionship of her minor
children without having jurisdiction over her *in personam.*" *May
v. Anderson, supra,* at 533. Finding that the right to custody is
more important than a property right, the Supreme Court revers-
ed the Ohio court's ruling that it was required by the Full Faith
and Credit Clause to accept the Wisconsin decree as binding. The
Court stated, " '[I]t is now too well settled to be open to further
dispute that the "full faith and credit" clause and the act of Con-
gress passed pursuant to it do not entitle a judgment in personam
to extra-territorial effect if it be made to appear that it was
rendered without jurisdiction over the person sought to be
bound.' *Baker v. Baker, E. & Co.* 242 US 394, 401 . . . ." *May v.
Anderson, supra,* at 533.

The North Carolina Supreme Court followed *May* in *Lennon
v. Lennon,* 252 N.C. 659, 114 S.E. 2d 571 (1960), where the hus-
band took the children to Nevada and obtained a divorce and
custody decree. The court had no *in personam* jurisdiction over
the wife. Later the children returned to North Carolina. In a
*habeas corpus* proceeding, their mother sought to determine her
right to custody. The trial court awarded custody to the mother.
Our Supreme Court affirmed, citing *May,* saying that since
Nevada did not have *in personam* jurisdiction over the mother,
North Carolina did not have to give full faith and credit to the
Nevada decree. The same principle was recited in *Fleek v. Fleek,*
270 N.C. 736, 155 S.E. 2d 290 (1967). We also note that the
Supreme Court of North Carolina has said, " 'The Supreme Court
of the United States, however, has not yet declared in positive
terms that the provisions of a foreign divorce decree relating to
custody are entitled to full faith and credit where the divorce
court had jurisdiction in personam of both spouses or of both par-
ties and the child.' " *Spence v. Durham,* 283 N.C. 671, 683, 198
S.E. 2d 537 (1973), *cert. den.,* 415 U.S. 918 (1974). The Court raised
but declined to answer the question of "whether a consent judg-
ment fixing custody, rendered by the court of a sister state which
failed to conduct adversary proceedings and inquire into the cir-

cumstances affecting the child, is entitled to full faith and credit."
*Spence v. Durham, supra,* at 684.

In the case at bar, it is manifest that the Florida court has
not conducted an adversary hearing on the question of the
custody of the child. If, indeed, any evidence was received
respecting custody, it is not reflected in the judgment. The judg-
ment does not contain a single finding of fact or conclusion of law
on that question. The child was not in the State of Florida when
the decree was entered, and the court did not have jurisdiction
over the person of the child's father. Under these circumstances
the courts of North Carolina have the right to conduct an ap-
propriate inquiry and enter such order as is deemed to be in the
best interests of the child. Both of the parents were present and
represented by counsel. The child was there. The "best interests
of the child and the parties" clearly required that the court exer-
cise its jurisdiction. We believe that the court's decision not to ex-
ercise its jurisdiction was impelled by its erroneous conclusion
that it had no jurisdiction.

The judgment is reversed, and the case is remanded for a
new trial.

Reversed.

Judges HEDRICK and ARNOLD concur.