IN RE TRUEMAN, A MINOR CHILD

No. 8930DC671

(Filed 17 July 1990)

**Process § 9.1 (NCI3d)— nonresident individual—insufficient contacts with N. C.**

Respondent in a proceeding to terminate parental rights had insufficient contacts with N. C. to justify the court's exercise of jurisdiction over him where respondent's only contact with the state was that his child was brought here by his former wife and was in her custody here and support payments which he made under a Wisconsin court order were sent to N. C. by the court.

**Am Jur 2d, Divorce and Separation §§ 964, 1004; Process § 12.**

APPEAL by respondent Richard Thomas Trueman from order entered 23 January 1989 by *Judge Steven J. Bryant* in JACKSON County District Court. Heard in the Court of Appeals 9 January 1990.

In 1979 petitioner, Leigh Anne Zullo, and respondent, Richard Thomas Trueman, were married in Wisconsin, where they lived together until they separated on 6 February 1982. In June of 1984 petitioner and their child, Derek Kenneth Trueman, born in 1980, moved to Jackson County, North Carolina, where they still reside. In June, 1985 the Jackson County District Court entered a judgment which awarded petitioner custody of the minor child and an absolute divorce from respondent. In that action, though duly served in Wisconsin, respondent neither appeared nor contested the relief sought. In the same court petitioner thereafter initiated an action for child support against respondent under the Uniform Reciprocal Enforcement of Support Act (U.R.E.S.A.), which was transferred to Wisconsin where respondent continued to reside. In that proceeding a modified order was entered by the Wisconsin court on 6 October 1986 directing respondent to make weekly child support payments in the amount of $46. On 9 September 1988 petitioner initiated this action to terminate respondent's parental rights. The ground asserted, authorized by G.S. 7A-289.32(5), is that for more than a year preceding the filing of the petition respondent had willfully, without justification, failed to make the support payments ordered by the Wisconsin Court. After being duly served in Wisconsin by certified mail respondent moved to dismiss the petition under Rule 12(b)(2), N.C. Rules of Civil Procedure, for lack of jurisdiction over his person. In denying the motion the trial court found facts substantially as stated above and concluded as a matter of law that the action is *in rem*.

*Gary E. Kirby for petitioner appellee.*

*Graham Duls for respondent appellant.*

PHILLIPS, Judge.

That under the provisions of G.S. 7A-289.23 and G.S. 50A-3 the District Court of Jackson County has jurisdiction over this proceeding to terminate respondent's parental rights to the subject child—which is a resident of that county and in the custody of his mother there pursuant to a decree of that court—is manifest and not contested. It is also clear that the action is *in rem*, as the court ruled. For the parent-child relationship is a status, as

## IN RE TRUEMAN

[99 N.C. App. 579 (1990)]

is that of husband and wife, Restatement (Second) of Conflict of Laws Secs. 69-79 (1971), and under G.S. 1-75.3(c) a suit to adjudicate a "status" is an *in rem* proceeding. But that an action is *in rem* does not dispense with the constitutional requirement that a state's exercise of jurisdiction over a nonresident must be consistent with due process under the standard established by *International Shoe Co. v. State of Washington*, 326 U.S. 310, 90 L.Ed. 95 (1945). *Shaffer v. Heitner*, 433 U.S. 186, 53 L.Ed.2d 683 (1977); *Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 244 S.E.2d 164 (1978). *See* Note, *Miller v. Kite: Should Domestic Disputes Require the Maximum of Minimum Contacts?*, 64 N.C.L. Rev. 825 (1986). The first requirement of that long-established standard statutory authority to exert jurisdiction is clearly present in this instance; but the other requirement, that the person sued has had enough minimum contacts with the state to satisfy due process standards if required to defend the action here, is not. Respondent's only contact with this state, according to the record, is that his child was brought here by his former wife, is in her custody here, and such support payments as he has made under the Wisconsin court order have been sent here by the court. In *Miller v. Kite*, 313 N.C. 474, 329 S.E.2d 663 (1985), the defendant, whose contacts with the state greatly exceeded those of the respondent and included several visits to the child here, was deemed not to be subject to the jurisdiction of our courts. In view of that decision, we are obliged to hold that the meager contacts this respondent has had with the state are insufficient to support the exercise of jurisdiction over him in this proceeding, and therefore reverse the order appealed from.

•

Reversed.

Judges EAGLES and ORR concur.