VIRGINIA HUDNELL HARRIS v. HASSELL JUNIUS HARRIS

No. 912DC621

(Filed 3 December 1991)

**1. Divorce and Separation § 451 (NCI4th) — child custody — Virginia defendant — jurisdiction**

The trial court properly denied defendant's motion to dismiss a child custody action for lack of personal jurisdiction where defendant did not contest the issues of subject matter jurisdiction, personal "jurisdictional grounds," and notice. Minimum contacts are not required in child custody actions.

**Am Jur 2d, Divorce and Separation §§ 963 et seq.**

**Child custody: when does state that issued previous custody determination have continuing jurisdiction under Uniform Child Custody Jurisdiction Act (UCCJA) or Parental Kidnapping Prevention Act (PKPA), 28 USCS § 1738A. 83 ALR4th 742.**

**Extraterritorial effect of valid award of custody of child of divorced parents, in absence of substantial change in circumstances. 35 ALR3d 520.**

**2. Divorce and Separation § 451 (NCI4th) — child support — Virginia defendant — jurisdiction**

The trial court properly denied defendant's motion to dismiss a child support action for lack of personal jurisdiction where defendant did not contest the issues of subject matter jurisdiction, personal "jurisdictional grounds," and notice. Defendant has the required minimum contacts with North Carolina in that defendant moved to North Carolina at an early age and lived here until 1974; he and plaintiff were married in North Carolina in 1971, had a child here in 1971, and resided

HARRIS v. HARRIS

[104 N.C. App. 574 (1991)]

here as husband and wife for nearly three years before moving to Virginia; they maintained contacts with family members in North Carolina while in Virginia, visiting during various holidays; the parties separated in 1989 and the plaintiff returned to North Carolina with their third child and was later joined by their second child; defendant has maintained his contacts with family members in North Carolina since the separation, visiting them on at least two occasions; and defendant has established and maintained contacts in North Carolina and has traveled routinely to this state to participate in business-related activities.

**Am Jur 2d, Divorce and Separation §§ 963 et seq.**

**Child custody: when does state that issued previous custody determination have continuing jurisdiction under Uniform Child Custody Jurisdiction Act (UCCJA) or Parental Kidnapping Prevention Act (PKPA), 28 USCS § 1738A. 83 ALR4th 742.**

APPEAL by defendant from judgment entered 29 April 1991 in BEAUFORT County District Court by *Judge James W. Hardison.* Heard in the Court of Appeals 15 November 1991.

*Conrad E. Paysour, III for plaintiff-appellee.*

*Stephen A. Graves for defendant-appellant.*

GREENE, Judge.

The defendant appeals from a judgment entered 29 April 1991 denying his motion to dismiss the plaintiff's child custody and child support action for lack of personal jurisdiction.

The findings of fact relevant to this appeal show the following: The defendant was born in Virginia. When he was in the seventh grade, he moved to Beaufort County, North Carolina where he was reared by his aunt and uncle. His aunt and uncle continue to reside in Beaufort County, North Carolina. The defendant attended the public schools of North Carolina, Chowan College, and East Carolina University in this State. He and the plaintiff were married in North Carolina on 9 October 1971 and established their marital residence in this State until they moved to Virginia in July, 1974. The parties' first child was born in North Carolina, and their two other children were born in Virginia. After moving to Virginia, the parties regularly returned to visit family in North Carolina,

including the plaintiff's parents and the defendant's aunt and uncle. In November, 1989, the parties separated, and the plaintiff returned to Beaufort County with the parties' third child, one of the two children involved in this action. On 10 June 1990, the second child, the other child involved in this action, moved to Beaufort County, North Carolina to live with her mother and younger brother. The parties' first child continues to reside in Virginia.

Since December, 1990, the defendant has made at least two social visits to family members in Beaufort County, once at Christmas and once on a family anniversary. The defendant owns a dog training business in Port Royal, Virginia. He maintains business contacts with dog trainers, sellers, and purchasers in North Carolina and in the past has travelled to this State at least once a year to participate in dog training exercises or dog shows and competitions.

In response to the plaintiff's complaint, the defendant filed an answer and motion to dismiss the complaint for lack of personal jurisdiction pursuant to N.C.G.S. § 1A-1, Rule 12(b)(2). The trial court denied his motion to dismiss, and the defendant appealed. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982) (denial of motion to dismiss for lack of personal jurisdiction immediately appealable).

---

The issues are (I) whether "minimum contacts" by the non-resident parent-defendant are required in child custody actions; and (II) whether "minimum contacts" by the non-resident parent-defendant are required in child support actions.

I

Child Custody

[1]   A trial court may render an order of child custody only where the court has subject matter jurisdiction over the action and personal jurisdiction over the defendant.

A

Subject Matter Jurisdiction

Whether a trial court has subject matter jurisdiction over a child custody action is governed by the federal Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.S. § 1738A (Law. Co-op. 1989), and our own Uniform Child Custody Jurisdiction Act

HARRIS v. HARRIS

[104 N.C. App. 574 (1991)]

(UCCJA), N.C.G.S. § 50A-3 (1989). *In re Bhatti*, 98 N.C. App. 493, 494-95, 391 S.E.2d 201, 202 (1990); *Gasser v. Sperry*, 93 N.C. App. 72, 73-75, 376 S.E.2d 478, 479-80 (1989) (to the extent that the UCCJA conflicts with the PKPA, the PKPA controls); *see also* N.C.G.S. § 7A-244 (1989) (district court has subject matter jurisdiction over child custody actions). Because the defendant does not argue that the trial court lacked subject matter jurisdiction, we do not address the issue.

## B

### Personal Jurisdiction

Generally, whether a trial court has personal jurisdiction over a non-resident defendant depends upon whether (1) our legislature has authorized our courts to exercise personal jurisdiction over the defendant in the action, (2) the plaintiff has properly notified the defendant of the action, and (3) the defendant has "minimum contacts" with this State. We now apply these general principles to this child custody dispute.

### Long Arm Statute

Pursuant to N.C.G.S. § 1-75.3(b) (1983), "[a] court of this State having jurisdiction of the subject matter may render a judgment against a party *personally* only if there exists one or more of the jurisdictional grounds set forth in G.S. 1-75.4 . . . ." [Emphasis added.] Without personal "jurisdictional grounds," a trial court lacks the authority to render a child custody order against a non-resident defendant. *Cf. Byham v. National Cibo House Corp.*, 265 N.C. 50, 57, 143 S.E.2d 225, 232 (1965) (foreign corporation); *United Buying Group, Inc. v. Coleman*, 37 N.C. App. 26, 28, 245 S.E.2d 402, 403 (1978), *aff'd in part and rev'd in part on other grounds*, 296 N.C. 510, 251 S.E.2d 610 (1979); J. Glannon, Civil Procedure ch. 2, at 19-20 (1987). North Carolina Gen. Stat. § 1-75.4(12) (1983) provides the required jurisdictional ground in this case. Specifically, the statute authorizes our trial courts to render child custody orders against non-resident defendants where, as here, the child custody action under Chapter 50 of the General Statutes arises out of the parties' marital relationship within this State. N.C.G.S. § 1-75.4(12).

### Notice

Absent a general appearance by the non-resident defendant, "reasonable notice and opportunity to be heard" must be given

to the defendant "in a manner reasonably calculated to give actual notice and shall be served in the same manner as the manner of service of process set out in G.S. 1A-1, Rule 4." N.C.G.S. §§ 50A-4, -5 (1989); N.C.G.S. § 1-75.3(b)(1)-(2) (1983) (unless dispensed with under N.C.G.S. § 1-75.7 (1983), service of summons required for personal jurisdiction); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-15, 94 L.Ed. 865, 872-73 (1950) (notice required by due process clause); *Eason v. Spence*, 232 N.C. 579, 583-84, 61 S.E.2d 717, 721 (1950) (notice required by N.C. Const. art. I, § 19, the "law of the land" clause); 1 A. McIntosh, McIntosh North Carolina Practice and Procedure § 933(1) (2d ed. 1956). Here, the defendant was personally served with a copy of the summons and complaint in Virginia by a Deputy Sheriff of Caroline County, Virginia. Furthermore, he does not argue that the notice was inadequate under N.C.G.S. § 1A-1, Rule 4.

## Minimum Contacts

As a general proposition, a trial court lacks personal jurisdiction over a non-resident defendant unless, consistent with the due process clause of the Fourteenth Amendment to the United States Constitution, the defendant has certain "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945). The plaintiff argues that the "minimum contacts" test of *International Shoe* does not apply when the action is one for child custody.

In *May v. Anderson*, 345 U.S. 528, 533-34, 97 L.Ed. 1221, 1226-27 (1953), the United States Supreme Court essentially held that the full faith and credit clause of the United States Constitution does not *require* a state court to honor the custody decree of a sister state rendered in an action where the non-resident defendant did not have "minimum contacts" with the sister state. Our appellate courts, consistent with *May*, have refused to recognize in North Carolina out-of-state child custody decrees in actions where the non-resident defendants lacked "minimum contacts" with the sister state. *Lennon v. Lennon*, 252 N.C. 659, 667, 114 S.E.2d 571, 576 (1960); *McAninch v. McAninch*, 39 N.C. App. 665, 667, 251 S.E.2d 633, 634, *disc. rev. denied*, 297 N.C. 300, 254 S.E.2d 920 (1979). It follows, courts and commentators suggest, that *May* requires that the non-resident defendant have "minimum contacts" with the state before any court of that state may render, consistent with the due process clause, a valid child custody order. 1 H. Clark,

**HARRIS v. HARRIS**

[104 N.C. App. 574 (1991)]

The Law of Domestic Relations in the United States § 13.5, at 780-81 (2d ed. 1987) [hereinafter 1 H. Clark] ("only logical meaning" of *May*); Hazard, *May v. Anderson: Preamble to Family Law Chaos*, 45 Va. L. Rev. 379, 383-84 (1959); *Ex parte Dean*, 447 So. 2d 733, 735 (Ala. 1984); *but see In re Hudson*, 434 N.E.2d 107, 117 (Ind. Ct. App. 1982), *cert. denied*, 459 U.S. 1202, 75 L.Ed.2d 433 (1983) (court may determine custody without "minimum contacts"); *In re Markowski*, 749 P.2d 754, 756 n. 2 (Wash. Ct. App. 1988).

The North Carolina Supreme Court has not considered the validity of this broad reading of *May*, and despite its potential validity, this Court has repeatedly held without analysis that a North Carolina trial court may enter a child custody decree in the absence of "minimum contacts" by the non-resident defendant with North Carolina. *Hart v. Hart*, 74 N.C. App. 1, 7, 327 S.E.2d 631, 635 (1985); *see also Shingledecker v. Shingledecker*, 103 N.C. App. 783, 785, 407 S.E.2d 589, 591 (1991); *Carroll v. Carroll*, 88 N.C. App. 453, 455, 363 S.E.2d 872, 873 (1988); *but cf. In re Finnican*, 104 N.C. App. 157, 161-62, 408 S.E.2d 742, 745 (1991) ("minimum contacts" required to terminate parental rights); *In re Trueman*, 99 N.C. App. 579, 580-81, 393 S.E.2d 569, 570 (1990) (same). We are therefore bound by the prior decisions of this Court dealing with child custody and again hold that non-resident defendants need not have "minimum contacts" with North Carolina as a prerequisite to the trial court's exercise of personal jurisdiction over them. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (panel of Court of Appeals bound by decisions of prior panels unless they have been overturned by higher court).

In summary, because the defendant does not contest the issues of subject matter jurisdiction, personal "jurisdictional grounds," and notice, and because "minimum contacts" are not required in child custody actions, we affirm the trial court's order with regard to the issue of child custody.

## II

### Child Support

[2] A trial court may render an order for child support only where the court has subject matter jurisdiction over the action and personal jurisdiction over the defendant.

HARRIS v. HARRIS

[104 N.C. App. 574 (1991)]

A

## Subject Matter Jurisdiction

A trial court has subject matter jurisdiction over a child support action pursuant to N.C.G.S. § 50-13.5(c)(1) (Supp. 1991). *See also* N.C.G.S. § 7A-244 (district court has subject matter jurisdiction over child support actions). Because the defendant does not argue that the trial court lacked subject matter jurisdiction, we do not address the issue.

B

## Personal Jurisdiction

Generally, whether a trial court has personal jurisdiction over a non-resident defendant depends upon whether (1) our legislature has authorized our courts to exercise personal jurisdiction over the defendant in the action, (2) whether the plaintiff has properly notified the defendant of the action, and (3) the defendant has minimum contacts with this State. We now apply these general principles to this child support dispute.

## Long Arm Statute

The trial court concluded, and the defendant does not deny, that N.C.G.S. § 1-75.4 authorizes its exercise of personal jurisdiction over the defendant. We agree. Because the child support action under Chapter 50 arises out of the parties' marital relationship within this State, N.C.G.S. § 1-75.4(12) authorizes the exercise of personal jurisdiction over this defendant. *Powers v. Parisher*, 104 N.C. App. 400, 403, 409 S.E.2d 725, 727 (1991); *see also Miller v. Kite*, 313 N.C. 474, 476, 329 S.E.2d 663, 665 (1985) (Supreme Court assumed *arguendo* that N.C.G.S. § 1-75.4 gives North Carolina courts *in personam* jurisdiction over non-resident parent); *Marion v. Long*, 72 N.C. App. 585, 586, 325 S.E.2d 300, 302, *appeal dismissed and disc. rev. denied*, 313 N.C. 604, 330 S.E.2d 612 (1985) (N.C.G.S. § 1-75.4 should be liberally construed).

## Notice

As required by N.C.G.S. § 1-75.3(b)(1), N.C.G.S. § 50-13.5(e)(1) (Supp. 1991), the due process clause, and the "law of the land" clause, the plaintiff notified the defendant in Virginia of the child support action. *Mullane*, 339 U.S. at 313-15, 94 L.Ed. at 872-73; *Eason*, 232 N.C. at 583-84, 61 S.E.2d at 721. Again, because the

defendant does not argue that the notice was inadequate, we proceed to the third step of the required analysis.

## Minimum Contacts

In contrast to child custody proceedings, North Carolina courts have consistently required minimum contacts with North Carolina by non-resident defendants in child support actions. *Miller,* 313 N.C. at 476, 329 S.E.2d at 665; *see also Kulko v. Superior Court of California,* 436 U.S. 84, 56 L.Ed.2d 132 (1978). Commentators agree that this double standard of jurisdiction for child custody and child support actions has "created a splintered domestic relations jurisdiction." Silberman, *Reflections on Burnham v. Superior Court: Toward Presumptive Rules of Jurisdiction and Implications for Choice of Law,* 22 Rutgers L.J. 569, 592-93 (1991); *see also* Benson, *Can a Case Be Made for the Use of the Uniform Child Custody Jurisdiction Act in Child Support Determinations?,* 26 Gonz. L. Rev. 125, 141 (1990-91) (suggesting that "minimum contacts" should not be required in actions where child custody and support are raised together). Nevertheless, in North Carolina, the due process clause is construed to require "minimum contacts" in child support actions. *Miller,* 313 N.C. at 477, 329 S.E.2d at 665. Our courts consider the following factors in determining the existence of "minimum contacts": "(1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties." *Marion,* 72 N.C. App. at 587, 325 S.E.2d at 302.

The facts of this case show that the defendant has substantial past and present contacts with North Carolina. The defendant moved to North Carolina at an early age and lived here until 1974. He and the plaintiff were married here in 1971, had a child here in 1973, and resided in North Carolina as husband and wife for nearly three years before moving to Virginia. While in Virginia, they maintained contacts with family members in North Carolina, visiting them during the various holidays. In 1989, the parties separated and the plaintiff returned to North Carolina with their third child and was joined later by their second child. Since the parties' separation, the defendant has maintained his contacts with family members in this State, visiting them on at least two occasions. Furthermore, the defendant has established and maintained business contacts in North Carolina and has travelled routinely to this State to par-

ticipate in business-related activities. Viewed in light of North Carolina's "important interest in ensuring that non-resident parents fulfill their support obligations to their children living here," *Miller*, 313 N.C. at 480, 329 S.E.2d at 667, the quantity, nature, and quality of the defendant's past and present contacts with North Carolina support a finding of "minimum contacts" and therefore support the exercise of personal jurisdiction over him in our courts, probably the most convenient forum for this action. *Id.; see also Powers*, 104 N.C. App. at 405, 409 S.E.2d at 728; *Stevens v. Stevens*, 68 N.C. App. 234, 314 S.E.2d 786, *disc. rev. denied*, 312 N.C. 89, 321 S.E.2d 908 (1984); *Brown v. Brown*, 47 N.C. App. 323, 267 S.E.2d 345 (1980); I. Ellman, P. Kurtz, & K. Bartlett, Family Law ch. 7, at 626 (2d ed. 1991).

We are aware of the Uniform Reciprocal Enforcement of Support Act (URESA) and the remedies it provides the plaintiff for the non-payment of child support by the non-resident defendant. N.C.G.S. §§ 52A-1-52A-32 (1984 & Supp. 1991); Va. Code Ann. §§ 20-88.12-.31 (1990 & Supp. 1991) (RURESA). For various reasons, however, URESA is not always "an adequate substitute" for a child support action brought under Chapter 50. *See* 1 H. Clark, *supra*, § 13.4, at 760 (discussing why URESA is not often effective). Furthermore, despite these remedies, the plaintiff cannot be required to proceed under URESA.

In summary, because the defendant does not contest the issues of subject matter jurisdiction, personal "jurisdictional grounds," and notice, and because the defendant has the required "minimum contacts" with North Carolina, we affirm the trial court's order with regard to the issue of child support. Accordingly, the trial court's order denying the defendant's motion to dismiss for lack of personal jurisdiction is

Affirmed.

Judges WELLS and PARKER concur.